IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01226-BNB

CHRISTOPHER HAINES,

Applicant,

v.

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

## ORDER OF DISMISSAL

Applicant Christopher Haines is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the North Fork Correctional Facility in Sayre, Oklahoma. Mr. Haines has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an immigration detainer filed against him by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement. On August 15, 2005, Magistrate Judge Craig B. Shaffer ordered Mr. Haines to show cause why the application should not be denied because he is not in custody for the purposes of the immigration claims he is raising in this action. On November 23, 2007, after being granted two extensions of time, Mr. Haines filed his response to the show cause order.

The Court must construe the application and the response to the show cause order liberally because Mr. Haines is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be the *pro se* litigant's advocate. **See** *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action.

As noted above, Mr. Haines is challenging an immigration detainer filed against him. He seeks to have the detainer removed because his conviction, which is on appeal in the Colorado state appellate courts, is not final. Mr. Haines asserts that the detainer will prevent his release from custody when his conviction is overturned on appeal. He is not challenging in this action the validity of either his conviction or his sentence.

Pursuant to 28 U.S.C. § 2241(c), Mr. Haines may assert his immigration claims against Respondent only if is in the custody of Respondent. The fact that Respondent has issued a detainer is not sufficient by itself to satisfy the custody requirement. **See** *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).

Mr. Haines argues in his response to Magistrate Judge Shaffer's show cause order that he must be in Respondent's custody because the DOC lost jurisdiction over him by transferring him to a private prison in Oklahoma without any contract to house him at that facility. However, Mr. Haines' argument that the DOC lost jurisdiction over him by placing him at a private prison in Oklahoma does not transform Respondent's unexecuted detainer into custody. **See** *id.* Therefore, because Mr. Haines fails to demonstrate that he is in Respondent's custody, the instant action must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 20 day of Nov., 2007.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01226-BNB

Christopher Haines
Prisoner No. 127138
North Fork Corr. Facility
1605 East Main Street
Sayre, OK 73662

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_11\\30\\07\_\_

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                Deputy Clerk